The Honorable Veo Easley State Representative P.O. Box 308 Sheridan, AR 72150
Dear Representative Easley:
This is in response to your request for an opinion on several questions regarding the Public Facilities Boards Act, which is codified at A.C.A. § 14-137-101, et seq. (1987, Cum. Supp. 1991, and Adv. Code Serv. 1992-93). Your questions are restated as follows:
 1. Does A.C.A. § 14-137-104, which in effect provides that the commission would not be subject to the supervisory regulation of any political entity, constitute an unlawful delegation of legislative power in creating such a super commission?
 2. If the entire board was appointed by persons other than the Mayor or County Judge, would the appointments be invalid?
 3. Does A.C.A. § 14-137-107 constitute an unlawful delegation of power wherein it appears to give the commission or board the power to define what limitation on this power and authority, if any, would be applicable?
 4. Would the absence of a severability clause render the entire act null and void if any of its provisions were found to be unconstitutional or illegal?
It is my opinion that the answer to your first question is "no." While it is well-established that the legislature has no right to delegate the lawmaking power to boards and commissions, it is equally clear that the legislature may delegate the power to determine facts upon which the law may operate. See McArthurv. Smallwood, 225 Ark. 328, 281 S.W.2d 428 (1955); Hogue v.Housing Authority of North Little Rock, 201 Ark. 263,144 S.W.2d 49 (1940). As stated by the Arkansas Supreme Court:
 [T]he legislature may delegate the power to determine facts upon which the law makes or intends to make its own action depend and . . . general provisions may be set forth with power given to those who are to act under such general provisions to complete the details.
McArthur, 225 Ark. at 331.
The fact that a public facilities board ("board") may not, in accordance with A.C.A. § 14-137-104 (1987), be subject to supervision or regulation by the state or any political subdivision does not, in my opinion, indicate that there is an unlawful delegation of legislative authority.[1] An unlawful delegation exists where the public agency or authority has been delegated the power to make law. Where, as in this case, the act appears to be complete in itself and the board has been authorized to find the necessary facts and complete the necessary details, no unlawful delegation exists merely by virtue of the absence of regulatory oversight or review. The unlawfulexercise of legislative power may, of course, occur, apart from the delegation issue. Any questions in this regard would, however, only arise as the act is implemented.
With regard to your second question, assuming that this question pertains to the appointment of the initial members of the board, the answer is "yes." The appointments would be invalid. Arkansas Code Annotated § 14-137-108 (Adv. Code Serv. 1992-93) provides, as you have noted, that the initial members shall be appointed by the mayor of the creating municipality or the county judge of the creating county. See A.C.A. § 14-137-108(a)(3)(A), (a)(8), (b)(2), and (b)(7). Following the initial appointments, however, provision is made for the election of successor members by a majority of the board.[2]
In response to your third question, it must be initially noted that rather than vesting the board with the power to define any limitation on its authority, Section 14-137-107 states that thegoverning body may by ordinance ". . . place specific limitations on the exercise of powers granted, including limitations on the board's area of operations, the use of public facilities projects of the board, and the board's authority to issue bonds." A.C.A. § 14-137-107(a)(2)(B) (1987).
The answer to your third question, therefore, is "no." There is no unlawful delegation under § 14-137-107.
Your last question cannot be answered with a simple "yes" or "no." The absence of a severability clause, while a factor to be considered, does not necessarily mean that the entire act will fail if it is determined to be unconstitutional in part. The test for determining whether the provisions of a legislative enactment are severable is whether the provisions are so connected together in meaning that it cannot be presumed that the legislature would pass one without the other. Smith v. Bentley, 493 F. Supp. 916
(E.D. Ark. 1980). If, when the unconstitutional portion of the act is stricken, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, independent of that which is invalid, it will be sustained. Borchert v. Scott, 248 Ark. 1041, 460 S.W.2d 28
(1970).
Thus, an act may be unconstitutional in part and be valid as to the remainder, notwithstanding the absence of a severability clause. This determination must be made on a case by case basis, with reference to the unconstitutional provision(s) in relation to the remainder of the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Reference must be made in each instance to the creating ordinance to determine whether the city or county governing body, as the case may be, has placed specific limitations on the board's powers. See A.C.A. § 14-137-107 (1987). This possible limitation of powers is recognized in § 14-137-104 wherein it states that none of the powers granted to the board are subject to supervision or regulation "except as otherwise expressly provided in this chapter. . . ." A.C.A. § 14-137-104(c) (1987).
[2] An exception applies in the case of county public facilities boards in counties having populations of 150,000 or more, and boards established by cities of 100,000 or more. Successor members of such boards are appointed by the county judge or the mayor, subject to confirmation by the city or county governing body, as the case may be.